HENRY N. GIRARD *vs.* ADA L. SAWYER, *Admx. d.b.n.c.t.a..*

DECEMBER 22, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition filed in this court asking us to order a trial in the superior court for Washington county of a certain action at law heretofore brought therein by the petitioner. His failure to have had a trial in the case is alleged to have been due to accident, mistake or unforeseen cause. Although not so stated in the petition, the present proceeding is obviously brought under the provisions of general laws 1938, chapter 535, § 4.

The petitioner has filed his own affidavit in support of his petition, and two counter affidavits and certain exhibits have been filed on behalf of the respondent. From the record before us it appears that the petitioner was the husband of Alice L. Girard, who died April 3, 1933. The respondent is the administratrix *d.b.n.c.t.a.* of her estate. The petitioner, at the time of his wife's death, held her promissory note for $10,000, dated November 18, 1928, in which he was named as payee. As the holder of this note he filed a claim against his wife's estate, which claim was disallowed by the executor of her will. Thereafter, within the proper time, he commenced an action at law on said disallowed claim in the superior court for Washington county against the representative of his wife's estate, which action is the one in which he is now seeking a trial.

It further appears that, after such action had been continued from time to time on the trial calendar of the superior court in that county, the respondent, as adminis-

tratrix as aforesaid, offered to pay the petitioner $750 in settlement of his said action at law, provided he would deliver to her the note in question, give to her, in her representative capacity, a general release of all claims he might have against his wife's estate, and also discontinue in the superior court for said county an appeal which he had taken from a decree of the probate court of the town of North Kingstown admitting to probate his wife's will. After some negotiations the petitioner, who was represented by an experienced attorney, accepted the above offer. The respondent then obtained from such probate court consent to compromise, on the terms above set out, the claim of the petitioner against his wife's estate. The petitioner was present and offered no objection at the hearing in such court when its consent was given to the compromise.

Thereafter, on April 17, 1939, the probate appeal above referred to was disposed of in the superior court for Washington county, in accordance with the compromise agreement. In the early part of May the petitioner, through his attorney, requested the respondent to give, in her representative capacity, a general release to said petitioner of all claims which his wife's estate might have against him. The respondent refused to do this, contending that such release was no part of the compromise agreement in question. On May 12, 1939, following this refusal, the respondent, through her attorney, received a general release signed by the petitioner and bearing date of April 20, 1939, and the note for $10,000 above referred to, and, at the same time, the respondent's attorney delivered to the petitioner's attorney the respondent's check, as administratrix, for $750. Also, on that date the attorneys for the respective parties signed a stipulation in the action at law based on said note and pending in the superior court for Washington county. This stipulation was as

follows: "Settled no costs" and was filed in said action at law in said court on May 19, 1939 by the respondent's attorney, thereby terminating said case.

On June 13, 1939, the respondent, in her representative capacity, filed a petition in the probate court of the town of North Kingstown asking for permission to compromise the claim of one James C. Davis against the estate of Alice L. Girard. Said suggested compromise included, among other things, a certain conveyance to said Davis from the respondent and an assignment to him by her, as administratrix as aforesaid, of all claims for rent which said estate might have because of the occupancy by various persons, among them the petitioner, of certain real estate in North Kingstown to which, it is contended, Alice L. Girard had title. That petition was later granted by said probate court. The present petition now under consideration was filed in this court August 10, 1939.

In his affidavit the petitioner offers to return $750 to the respondent, and alleges that it was the understanding of the respective parties that, in the settlement of the action at law on the $10,000 note hereinbefore referred to, the petitioner should receive a general release from the respondent, as administratrix as aforesaid, of all claims which his wife's estate might have against him; but that through accident, mistake or unforeseen cause he did not receive such a release. He also alleges that he was misled as to the amount of his wife's estate, and that he is fearful of being sued by Davis on the rent claim above mentioned, and asks to have the action at law on the note reinstated and tried.

The respondent contends first, that, under the terms of the statute invoked by the petitioner, the record before us does not entitle him to the relief he is seeking, and second, that he has failed to show that in the transaction under

consideration he has been prejudiced by any accident, mistake, or unforeseen cause. As we are of the opinion that the first contention made by the respondent is decisive of the instant case, we do not deem it necessary to discuss the question of whether or not accident, mistake or unforeseen cause is sufficiently shown by the petitioner.

General laws 1938, chap. 535, § 4 reads as follows: "A party or garnishee in any action or proceeding in the superior court or in any district court wherein no trial has been had, against whom a judgment has been rendered on nonsuit, default, or report of referees, by reason of accident, mistake, or unforeseen cause, may, within one year after such judgment, petition the supreme court for a trial; and the supreme court may order a trial in the action or proceeding in the court in which such judgment was entered, upon such terms as the supreme court shall prescribe."

A consideration of the above section shows that it provides a form of procedure by which relief may be granted to parties or garnishees in instances where judgments have been rendered against them, under certain specified circumstances, without a trial being had, by having this court order a trial in the case involved. It is very clear that the section is not intended to furnish a party or garnishee with a form of relief against his own voluntary act, but only against the act of the court in rendering judgment against him, and then not as to all such judgments, but only as to those rendered under the conditions definitely set out in the statute.

The petitioner herein maintains that the settlement agreement filed in the action at law in Washington county amounted, in effect, to the entry of a judgment within the meaning of the above section. He argues that such agreement could be set up and pleaded in bar against him if

he should bring a new action at law founded on the $10,000 note. While it is very possible that the settlement agreement in question could be so pleaded as a matter of defence under the above circumstances, such result would follow, not because the agreement constituted, in contemplation of that section, a judgment rendered in the case in which the agreement was filed, but for other obvious reasons.

It appears that no formal judgment was ever entered in the superior court in the action on the note involved herein, and we are of the opinion that the settlement stipulation we have under consideration does not, within the meaning or contemplation of § 4, *supra,* amount to or constitute a judgment in the case in which it was filed. The entry of a judgment requires some act on the part of the court in which the judgment is to be entered. Such an act by the superior court for Washington county was lacking in the action at law brought by the petitioner on the note in question.

It is plain that the effect of the filing of the stipulation of settlement in the form hereinbefore referred to was to terminate, on the records of the superior court for Washington county by the agreement and act of the parties, the said action at law, but no act or determination of such court was involved in bringing about such termination. We find, therefore, that the provisions of § 4, *supra,* were not intended to afford the petitioner relief against such a situation; that on the record before us he has not brought himself within the terms of such section and that it has no application herein, since no judgment was ever rendered and none was entered in the superior court in the action on the note.

Our above holding in connection with the question of what constitutes a judgment within the meaning of § 4,

*supra,* is in general conformity with previous holdings of this court, when that section was before it for consideration for the determination of somewhat analogous questions. See *Scolardi* v. *Scolardi,* 42 R. I. 456; *Rondina* v. *Vosselman,* 55 R. I. 239. For a discussion of what constitutes a *rendition* of a judgment, see *Andrews* v. *Indemnity Ins. Co. of N. A.,* 55 R. I. 341.

The petition is denied and dismissed.

*Edward M. Sullivan, John J. Sullivan,* for petitioner.

*Perkins, Higgins & McCabe, James A. Higgins,* for respondent.